OPINION
Defendant-appellant Prince David Johnson appeals from an order of the trial court classifying him as a sexual predator, pursuant to R.C. 2950.09, et seq. Johnson `s assigned counsel has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, in which possible assignments of error are reviewed, but are found to be without arguable merit.
On May 2, 2000, we advised Johnson of his right to file a brief in his own behalf, and granted him sixty days from that date to do so. Johnson has not filed a brief in his behalf.
We have reviewed the entire record, including the transcript of the sexual predator classification hearing, and the exhibits that were admitted at that hearing. We agree with Johnson's assigned counsel that there are no potential assignments of error having arguable merit.
 I
Johnson was charged by indictment in 1976 with three forcible rapes, of three different adult women during a one-month interval in 1976. Johnson ultimately pled guilty to the rapes. Other charges pending against him were dismissed. Johnson was sentenced to terms of imprisonment of from five to twenty-five years on each of the three counts, to be served consecutively.
In April, 1999, the trial court ordered a sexual predator psychological evaluation, and assigned counsel to represent Johnson. Johnson's assigned counsel promptly filed a motion to dismiss the sexual predator hearing, upon the grounds that the sexual classification statute violates the Ohio constitution. This motion was overruled, and by an order entered August 31, 1999, a sexual predator hearing was set for November 5, 1999. Johnson's assigned counsel was sent a copy of the notice of the hearing.
Johnson appeared with counsel at the sexual classification hearing. At this hearing, a House Bill 180 Screening Instrument, a Forensic Evaluation, the original presentence report, and three forensic reports dating back to Johnson's original conviction were all admitted in evidence. Johnson stipulated the authenticity of these documents, but objected to the documents dating from his conviction in 1976, upon staleness grounds.
No witnesses testified at the hearing, but Johnson requested permission to, and did, give an unsworn statement in his own behalf. He was not cross-examined.Following the hearing, the trial court determined Johnson to be a sexual predator, and classified him accordingly. From his classification as a sexual predator, Johnson appeals.
 II
We agree with Johnson's assigned counsel that there are no potential assignments of error having arguable merit. Several different attacks on the constitutionality of the sexual classification statute, R.C. 2950.09, et seq., have been rejected by this court, and by the Ohio Supreme Court. See, State v. Cook
(1998), 83 Ohio St.3d 404; State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342; State v. Vanderpool (October 2, 1998), Montgomery App. 16942, unreported; State v. Fortman (March 27, 1998), Montgomery App. Nos. 16565, 16569, unreported; and State v.White (November 5, 1999), Miami App. No. 98-CA-37. In the latter case, we did hold that a trial judge may not, consistently with the separation of powers implied in the Ohio Constitution, be required to consider the factors set forth in R.C. 2950.09(B)(2), when making a sexual offender classification. In the case before us, the trial judge noted that he had read our decision in Statev. White, supra, that he understood that he was not required to consider the statutory factors, and that he was only considering statutory factors, and giving weight to those factors, as he deemed appropriate in making the adjudication of fact required by the statute. This is consistent with our holding in State v. White supra.
In a very recent decision, handed down after the Anders brief filed in this case, the Ohio Supreme Court has held that it is plain error to fail to provide a defendant with adequate notice of a sexual offender classification hearing. State v. Gowdy (2000),88 Ohio St.3d 387. In that case, the sexual classification hearing immediately preceded the defendant's sentencing, and it appeared that neither defense counsel nor the defendant had been provided with advance notice that a sexual offender classification hearing was going to proceed. In the case before us, to the contrary, it appears that an order was filed, and served on Johnson's assigned counsel, on August 31, 1999, setting the sexual offender classification hearing for November 5, 1999. This was more than two months' prior notice of the hearing, and there is nothing in the record to suggest that it was inadequate.
 III
We have independently reviewed the record in this case, as required by Anders v. California, supra, and we conclude that there are no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.
 _______________________________ FAIN, J.,
GRADY, P.J., and WOLFF, J., concur.